This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41947

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**VERONICA A.,**

Respondent-Appellant,

and

**RASHON D.,**

Respondent,

**IN THE MATTER OF ESIAS A., ENALIA A.,
ENIYA A., and ELORA A.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
David P. Reeb, Jr., District Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Aldridge, Actkinson & Rutter, LLP
Marion T. Rutter
Clovis, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Veronica A. (Mother) appeals an order terminating her parental rights to four minor children (hereinafter, Children or Child), challenging the sufficiency of the evidence to support the district court's finding that the Children, Youth, and Families Department (the Department) made reasonable efforts to help her achieve reunification with Children. [MIO 9] This Court issued a notice of proposed summary disposition, proposing to affirm the order of the district court. Mother has filed a memorandum in opposition continuing to assert that there was insufficient evidence to establish the Department's reasonable efforts. Having duly considered that memorandum, we are unpersuaded by Mother's arguments and affirm.

**{2}** Mother's memorandum asserts that she "substantially complied with her treatment plan," while also acknowledging that she has had "issues with relapse, but as the case progressed, she was showing improvement." [MIO 11] Mother describes relapses as "part of the recovery from substance abuse." [MIO12] Mother expresses her belief "that with another six months to a year, she could have fully overcome her substance abuse issues." [MIO 11]

**{3}** "What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859. The termination order at issue in this appeal is the culmination of three separate abuse and neglect proceedings, each of which was initiated within months of Children's birth dates. [2 RP 370-71][1] The first of those abuse and neglect petitions was filed on August 25, 2020, when Child at issue was less than five months old, and the most recent was filed on March 11, 2022, when the twins at issue were less than two months old. [Id.] Following the adjudication of each of those petitions, the Department developed treatment plans for Mother in order to address the conditions that led to Children being in the custody of the Department. The termination hearing that resulted in the order on appeal was initiated on September 26, 2023, more than three years after

---

1This appeal contains records from all three cases filed below. Record citations in this opinion are to D-905-JQ-2022-00006.

the first abuse and neglect petition was filed, and one and a half years after the last such petition. [2 RP 374]

{4}     On appeal, Mother does not dispute any of the district court's findings regarding the efforts made by the Department to help her address the conditions that render her unable to properly care for Children. [2 RP 376-78] Instead, Mother merely asserts that the three years in which the Department engaged in those efforts was insufficient, given the intractability of her substance abuse issues. [MIO 9-12] In assessing that assertion, our role is "not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law." *Id.* ¶ 28. Further, with regard to the duration of such efforts, we are mindful of the importance of permanency and stability in children's lives, which requires that "termination proceedings should not continue indefinitely." *State ex rel. Child., Youth & Fams. Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266.

{5}     Ultimately, Mother's belief that she could overcome her substance abuse issues if given another "six months to a year" neither negates nor renders unreasonable the Department's three years of effort to assist her in both attaining sobriety and learning the skills necessary to care for Children. Thus, viewing the evidence in the light most favorable to the decision below, we conclude the district court's determination that the Department made reasonable efforts was supported by substantial evidence. *See State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶¶ 21, 53, 136 N.M. 53, 94 P.3d 796 (observing that "[p]arents do not have an unlimited time to rehabilitate and reunite with their children" and that "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused"); *State ex rel. Child., Youth & Fams. Dep't v. Vanessa C.*, 2000-NMCA-025, ¶¶ 8-9, 29, 128 N.M. 701, 997 P.2d 833 (affirming a termination of parental rights where the parent made progress over the course of two years, but continued to use drugs and engage in criminal activity).

{6}     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's order terminating parental rights.

{7}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**